Joseph Clark *vs.* Grenville Parker.

The assignor of a chose in action, which has been reassigned to him by his assignee, may bring an action thereon in his own name; although notice of the first assignment was given to the debtor, who promised to pay the debt to the assignee, and no notice was given him of the reassignment; and the debtor may avail himself of the same defence, as if the action were brought in the name of the assignee.

This action, which was assumpsit, on an account annexed, having been referred in the court of common pleas to an auditor, he reported thereon, that the items and charges

in the plaintiff's bill of particulars were proved; that a part thereof were contracted before and the residue after the 8th of June, 1843; that on that day, the plaintiff executed and delivered an assignment of whatever was then due to him from the defendant to one Horsley Shed, in the words following: " In consideration of one hundred dollars, I hereby assign and transfer to Horsley Shed all and whatever sum or sums of money now due and coming to me from Grenville Parker of Lowell, to have and to hold to the said Shed forever, with power to collect the same to his own use; " that the defendant was notified of the assignment, by the assignee, and promised to pay him all that was due from the defendant to the plaintiff, on the said 8th of June, 1843; and that on the 17th of December, 1844, Shed, the assignee, reassigned to the plaintiff all his interest in the moneys due, at the time of the assignment, from the defendant to the plaintiff; but it did not appear, that the defendant had ever been notified of the reassignment previous to the hearing before the auditor.

Upon this state of facts, the auditor was of opinion, and so reported, that by the defendant's assignment to Shed, whatever was due from the defendant to the plaintiff became vested in the assignee, who could maintain an action for the same in his own name, against the defendant; and that no action could be maintained by the plaintiff for the money so assigned, without the assent of Parker, or notice of the reassignment, after it was reassigned. The auditor therefore allowed the plaintiff those items only of his account which accrued after the 8th of June, 1843. But, at the request of the parties, the auditor reported the balance due to the plaintiff, if the amount which accrued before the 8th of June, 1843, ought to have been allowed.

The court of common pleas thereupon gave judgment for the plaintiff for the whole amount, and the defendant excepted.

*A. W. Farr,* (with whom was *B. F. Butler,*) for the defendant, cited *Crocker* v. *Whitney,* 10 Mass. 316; *Mowry* v. *Todd,* 12 Mass. 281; *Currier* v. *Hodgdon,* 3 N. H. 82; *Usher* v *D' Wolfe,* 13 Mass. 290 , *Viggin* v. *Damrell,* 4 N. H. 69

*R. B. Caverly*, for the plaintiff, cited Chit. Con. 732, 733; *Dawes* v. *Boylston*, 9 Mass. 337, 346; *Masters* v. *Miller*, 4 T. R. 320, 342; *Hall* v. *Marston*, 17 Mass. 575, 579; *Lang* v. *Fiske*, 2 Fairf. 385.

WILDE, J. This is an action to recover the balance of an account alleged to be due from the defendant to the plaintiff. The case was referred to an auditor, who reported that a part of the plaintiff's charges against the defendant had been assigned to one Shed, and by him reassigned to the plaintiff, before the commencement of this action; but before the reassignment, the defendant had promised to pay the debt assigned to Shed. On these facts the learned auditor was of opinion, that for this part of the plaintiff's claim he was not entitled to recover in the present action, and there-upon reported a small balance in favor of the defendant. But at the request of the parties, he reported the balance due to the plaintiff, if the claims rejected ought, in the opinion of the court, to have been allowed. On this report, judgment in the court of common pleas was rendered for the plaintiff, and to this decision the defendant's counsel objected.

The exception is, that for the debt assigned and reassigned, an action cannot be maintained in the name of the plaintiff, but should have been brought, for his use, in the name of Shed. This exception is founded on a technical objection to the form of the action, but if well founded by the rules of law, the defendant must be allowed the benefit of it.

At common law, choses in action could not be assigned or granted over, for the avoidance of maintenance. In the case of *Masters* v. *Miller*, 4 T. R. 340, Buller, J., remarked, that the good sense of that rule seemed to be very questionable; and in early as well as modern times, it had been so explained away, that it remained at most only an objection to the form of the action in any case. Courts of equity, from the earliest times, he says, thought the doctrine too absurd for them to adopt; and therefore they always acted in direct contradiction to it. And before that case,

courts of law had departed from the old rule, and had taken notice of assignments of choses in action and of actions upon them; they adhered, however, to the formal objection, and held that the action should be brought in the name of the assignor. And so has been the rule to the present day. Buller, J., however, says : " I see no use or convenience in preserving that shadow when the substance is gone; and that it is merely a shadow is apparent from the later cases, in which the court have taken care that it shall never work injustice." And courts since have acted on that just and equitable principle, which renders it of little importance in whose names, in such cases, the action may be brought.

The question then is, whether this action, as to the claim rejected, should have been brought in the name of Shed; and we are of opinion that it may well be maintained in the name of the plaintiff, and that the defendant may avail himself of the same defence that he could do, if the action had been brought in the name of Shed. It could not have been brought in his name if the defendant had not promised to pay him the debt; thus creating a privity of contract between them. But there was a previous privity of contract between the plaintiff and defendant, which was not affected by the assignment to Shed, although it suspended the plaintiff's right of action until the debt was reassigned to him. And this, we think, takes the case out of the general rule, as to the form of the action, and removes what Buller, J. considered but a mere shadow upon which it was founded. We are not aware of any case where a chose in action has been assigned and reassigned, to which the general rule has been applied ; and there appears no good reason why it should be, unless the debtor, in such case, would be precluded from the defence he might set up against the first assignee. Now, it does not appear that the defendant paid any part of the debt to him, or had any set-off to be proved; nor did he make any such claim before the auditor. If he had, it undoubtedly should have been allowed. We are aware, that according to the cases cited from the New Hampshire Reports, a

set-off in such a case, in that state, would not be allowed. But such is not the law in this state.·

In the case of *Sargent* v. *Southgate*, 5 Pick. 312, it was decided in an action by the indorser against the maker of a promissory note overdue, that the defendant might show in his defence a note to him from the payee, upon proving that it was intended as evidence of payment. of the note in suit, or he might file the same in set-off, upon proving that it was made to him before he had notice of the assignment. The principle upon which this decision was made was well considered, and is applicable to the present case. This decision renders it immaterial, in all actions founded on the assignment of a chose in action, whether they are brought in the name of the assignor or assignee ; yet as the rule has been long established, that in such cases the action is to be brought in the name of the assignor, there is no good reason for changing or qualifying the general rule ; for whether the action be brought in the name of the assignor or assignee, the court will take care that the defendant shall not be prejudiced by the form of the action. But without in any respect infringing the general rule, we hold this case not to be within the technical reason on which it was founded, there being a privity of contract between the plaintiff and defendant, and there being no necessity therefore of a new promise by the defendant to the plaintiff after the reassignment to him by Shed. *Exceptions overruled.*